UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALDO GALAZ,<br><br>   Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>   Respondent. | Case No. 2:24-cv-07517-DOC-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CONGIZABLE CLAIM AND/OR LACK OF EXHAUSTION |

　　On September 3, 2024, Donaldo Galaz ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"), challenging the state court's denial of his petition for resentencing pursuant to California Penal Code section 1176.2. (See Dkt. 1.) Construed liberally, see Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition alleges the following three claims:

　　(1)　The superior court erroneously denied Petitioner relief under section 1176.2 based solely on the jury's finding that he harbored intent to kill in committing the charged crime of premeditated and deliberate attempted murder. (Dkt. 1 at 5-7.)

1

1  (2) The superior court erred in denying Petitioner's resentencing petition without first issuing an order to show cause as to why he was not entitled to relief or conducting an evidentiary hearing concerning his eligibility for relief. (Id. at 8-10.)

(3) The superior court erred in denying Petitioner's resentencing petition because the jury instructions at his trial permitted the jury to find him guilty of attempted murder based on an imputed-malice theory of guilt. (Id. at 10-13.)

The Court issues this Order to Show Cause directed to Petitioner because it appears the Petition neither alleges any claim that is cognizable on federal habeas review nor is unexhausted.

## I.

## PROCEDURAL HISTORY.

### A. Trial, Direct Appeal, and Prior Federal Habeas Petitions.

In 1996, a Los Angeles County Superior Court jury convicted Petitioner of premeditated and deliberate attempted murder, shooting at an inhabited dwelling, being a felon in possession of a firearm, and conspiracy to commit murder. See People v. Galaz, No. B330737, 2024 WL 1596353, at *1 (Cal. Ct. App. Apr. 12, 2024). He was sentenced to 85 years to life in prison. Id. He appealed, and the California Court of Appel affirmed. See id. at *1, *4. He sought review in the California Supreme Court, which denied review on December 22, 1998. See Cal. App. Cts. Case Info., http:// appellatecases.courtinfo.ca.gov/ (search for case no. S073845) (last visited Sept. 10, 2024).

In November 1999, Petitioner filed a federal habeas petition challenging his 1996 state court convictions, and that petition was denied and dismissed with prejudice. See Galaz v. Ayers, No. 2:99-cv-12369-CAS-RC (C.D. Cal. filed Nov. 29, 1999), Dkt. 1, 21, 22. He filed a second federal habeas petition challenging his 1996 convictions, and that petition was dismissed as an unauthorized second or successive petition. See Galaz v. McGrath, No. 2:05-cv-00356-DOC-RC (C.D.

Cal. filed Jan. 14, 2005), Dkt. 1, 3,4.[1]

### B. Senate Bill 1437 and Petitioner's Resentencing Petition.

In January 2019, California Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." People v. Martinez, 31 Cal. App. 5th 719, 723 (2019) (citation omitted). The bill enacted former California Penal Code section 1170.95(a) to allow those so convicted to "file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts."[2] Id. (citation omitted).

Senate Bill 1437 also amended section 188 to redefine "malice" for purposes of California Penal Code section 187, California's murder statute.[3] See Allen v. Montgomery, No. 19-1530-VBF (PLA), 2020 WL 1991426, at *13 (C.D. Cal. Jan. 7, 2020), accepted by 2020 WL 6321762 (C.D. Cal. Oct. 26, 2020). As amended, section 188 provides that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." Cal. Penal Code § 188(a)(3). In addition, Senate Bill No. 1437 amended section 189, which defines first-degree murder, by

---

[1] Petitioner filed another federal habeas petition challenging his parole denial. See Galaz v. Pfeiffer, No. 2:23-cv-01504-DOC-KES (C.D. Cal. filed Feb. 27, 2023). That petition was transferred to the Eastern District of California. Id., Dkt. 5.

[2] Prior to January 1, 2022, former section 1170.95 did not expressly permit a petition for resentencing based on a conviction for attempted murder. But in 2022, those convicted of attempted murder were permitted to file petitions for resentencing. See Cal. Penal Code § 1176.2(a).

[3] Under California Penal Code section 187, "[m]urder is the unlawful killing of a human being, or a fetus, with malice aforethought."

adding subdivision (e).  See Allen, 2020 WL 1991426, at *13.  Under section 189(e), "a participant in enumerated crimes is liable under the felony murder doctrine only if he or she was the actual killer; or, with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life."  Cal. Penal Code § 189(e).

On January 20, 2023, Petitioner filed a petition for resentencing pursuant to former California Penal Code section 1170.95 in the superior court.[4]  See Galaz, 2024 WL 1596353, at *1.  The superior court denied the petition without issuing an order to show cause or conducting an evidentiary hearing because it found that Petitioner "was ineligible for resentencing as a matter of law."  Id.  In doing so, the superior court explained that his jury "was not instructed [on] natural and probable consequences" or on "implied malice."  Id. at *2.

Petitioner appealed.  Id. at *1.  The California Court of Appeal appointed counsel, who reviewed the record and then "filed a brief that did not identify any arguable issues."  Id. at *1.  Petitioner filed a pro se supplemental brief, arguing "that the trial court erred in finding he was ineligible for relief because the jury convicted him under 'a theory of imputed malice.'"  Id. at *2.  On April 12, 2024, the California Court of Appeal affirmed, finding that he was not convicted under a theory of implied malice and that his jury was not instructed on the natural-and-

---

[4] Although Petitioner filed his resentencing petition under former section 1170.95, see Galaz, 2024 WL 1596353, at * 1, the Petition cites section 1172.6 (see Dkt. 1 at 1-2).  There is no difference between the two statutes.  The California Legislature renumbered section 1170.95 as section 1172.6 "without substantive changes."  People v. Strong, 13 Cal. 5th 698, 708 n.2 (2022); Thompson v. Martinez, No. 2:23-02959 KK (ADS), 2023 WL 8939217, at *1 n.1 (noting that "California Legislature renumbered section 1170.95 as section 1172.6 without making substantive changes to the statute"), accepted by 2024 WL 313612 (C.D. Cal. Jan. 25, 2024), appeal filed, No. 24-818 (9th Cir. filed Feb. 15, 2024).

4

1  probable-consequences doctrine but rather on aider-and-abettor liability. See id. at
2  *3. It also noted that the jury found that that he "acted willfully, deliberately, and
3  with premeditation" and, thus, "necessarily concluded [he] either was the actual
4  killer or was aware of the killer's intent to kill (the unlawful purpose) and intended
5  to encourage or facilitate the actual killer's intent to kill another human being." Id.
6  at 3. Accordingly, the California Court of Appeal concluded that he was ineligible
7  for resentencing. See id.

8      Petitioner claims that on June 26, 2024, he attempted to file petition for
9  review in the California Supreme Court that he admits was untimely. (See Dkt. 1
10 at 18.) According to Petitioner, the court clerk refused to file it and instead
11 returned it to Petitioner, citing California Rule of Court 8.500(e).[5] (Id.) Petitioner
12 maintains that he then filed a petition in the California Supreme Court, requesting
13 that it excuse his failure to timely seek review. (See id.) According to Petitioner,
14 the court clerk returned that petition to him "for lack of jurisdiction." (Id.) The
15 California Courts' website reflects that Petitioner did not file a petition for review
16 in the California Supreme Court, and nothing therein reflects his purported efforts
17 to do so. See Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/
18 (search for "Galaz" in Cal. Sup. Ct. yielding no relevant results) (last visited on
19 September 10, 2024). He has filed no habeas petitions in the California Supreme
20 Court since the California Court of Appeal affirmed the superior court's denial of
21 his resentencing petition. See id.

---

[5] Rule 8.500(e), in pertinent part, provides that "[a] petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court." Cal. R. Ct. 8.500(e)(1).

## II.

## FACTUAL BACKGROUND.

The underlying, italicized facts are taken from the unpublished California Court of Appeal decision on Petitioner's direct appeal. See Galaz, 2024 WL 1596353, at *1. Unless rebutted by clear and convincing evidence, these facts may be presumed correct. Tilcock v. Budge, 538 F.3d 1138, 1141 (9th Cir. 2008); 28 U.S.C. § 2254(e)(1).

*At approximately 6:00 p.m. on September 14, 1995, 15 to 20 people were standing in the front yard of a home located in Baldwin Park. The home was a frequent gathering place for members of the East Side Baldwin Park Gang. Shots were fired into the front yard, but no one was injured or killed. The police arrived shortly after the shooting and saw [Petitioner], who was holding a handgun, get into the passenger side of a pickup truck. The truck sped away, and the officers gave chase.*

*During the chase, three handguns were thrown from the truck. The truck hit a curb and blew a tire, forcing it to stop, and four men got out and began running. The police apprehended three of the men, including [Petitioner]. The police recovered the three .38-caliber semi-automatic weapons that had been thrown from the truck, as well as bullet casings found at the residence. The bullet casings matched the guns thrown from the truck. Eyewitnesses also placed [Petitioner] in the driveway during the shooting.*

See, Galaz, 2024 WL 1596353, at *1 (footnote omitted).

## III.

## DISCUSSION.

### A. **Duty to Screen.**

Under Rule 4 of the Rules Governing § 2254 Cases, courts must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." "If a petition is 'facially

6

defective,' 'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" Neiss v. Bludworth, __ F.4th __, 2024 WL 3838427, at *5 (9th Cir. Aug. 16, 2024) (citations omitted). Rule 4 also permits courts to dismiss claims "that are clearly not cognizable." Id. In determining whether dismissal is warranted under Rule 4, "the standard is not whether the claim will ultimately – or even likely – succeed or fail, but rather, whether the petition states a cognizable, non-frivolous claim."[6] Id.

### B. Failure to State a Cognizable Claim.

#### 1. Applicable Law.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal habeas corpus relief to claims that "a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). This means that relief is not available for errors in the interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

#### 2. Analysis.

A review of Petitioner's claims suggests that he has failed to state a cognizable claim for relief. Each claim challenges to the denial of his section 1170.95 resentencing petition. Federal courts have routinely held that challenges

---

[6] In Neiss, the Ninth Circuit held the district court misapplied Rule 4 by dismissing the petitioner's cognizable ineffective-assistance claims as meritless. See 2024 WL 3838427, at *6. As explained below, the Petition appears to be unexhausted and allege only claims that are not cognizable on federal habeas review; thus, dismissal of the Petition would not be contingent on the merits of any of its claims. Accordingly, dismissal under Rule 4 is potentially appropriate.

to denials of section 1170.95 resentencing petitions "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review. Cole v. Sullivan, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020); Clemons v. Johnson, No. 2:22-cv-05719-MWF (AFM), 2023 WL 5184181, at *2 (C.D. Cal. June 16, 2023) (same), accepted by 2023 WL 5180324 (C.D. Cal. Aug. 10, 2023); Allen, 2020 WL 1991426, at *13 (C.D. Cal. Jan. 7, 2020) (same); see also Walker v. Cal. Sup. Ct., No. CV 22-4638-CAS(E), 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13, 2022) (same under section 1172.6), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022); McCavitt v. Costello, No. 2:22-cv-1926 KJM KJN P, 2022 WL 17813204, at *2-3 (E.D. Cal. Dec. 12, 2022) (same), accepted by 2023 WL 2602019 (E.D. Cal. Mar. 22, 2023). Petitioner's challenges to his eligibility for resentencing under former section 1170.95 likewise present only state-law claims and therefore appear to not be cognizable on federal habeas review.

      The same is true concerning Petitioner's claim that the superior court erred in denying his resentencing petition without first issuing an order to show cause or conducting an evidentiary hearing. At bottom, that claim alleges only that the superior court erred in finding that he failed to establish a prima facie case for relief under section 1172.6. See Cal. Penal Code § 1172.6(c) (explaining that courts do not need to hold evidentiary hearings concerning resentencing petitions unless "petitioner makes a prima facie showing that the petitioner is entitled to relief"). As such, that claim – like his others – does not appear to be cognizable. See Demery v. Core, No. 2:23-cv-00220-GW (AFM), 2023 WL 4566286, at *2 (C.D. Cal. Mar. 15, 2023) (petitioner's claim that superior court erred in summarily denying her petition for resentencing without providing her a hearing concerned only state law and, thus, was not cognizable on federal habeas review), accepted by 2023 WL 4564400 (C.D. Cal. July 14, 2023).

      In any event, nothing suggests that the superior court misapplied state law in

1 summarily denying Petitioner's resentencing petition. In the California Court of
2 Appeal, Petitioner argued "the trial court erred in finding he was ineligible for
3 relief because the jury convicted him under 'a theory of imputed malice.'" Galaz,
4 2024 WL 1596353, at *2. But as the California Court of Appeal found, he was not
5 convicted under a theory of imputed malice, and his jury was not instructed on the
6 natural-and-probable-consequences doctrine but rather on aider-and-abettor
7 liability. See id. at *3. More importantly, the jury found that he "acted willfully,
8 deliberately, and with premeditation" and, thus, "necessarily concluded [he] either
9 was the actual killer or was aware of the killer's intent to kill (the unlawful
10 purpose) and intended to encourage or facilitate the actual killer's intent to kill
11 another human being." Id. Citing those facts, the California Court of Appeal held
12 that the superior court did not err in concluding he was ineligible for resentencing
13 as a matter of law. See id. That holding is binding on this Court. See Bradshaw v.
14 Richey, 546 U.S. 74, 76 (2005) (per curiam) ("A state court's interpretation of state
15 law, including one announced on direct appeal of the challenged conviction, binds
16 a federal court sitting in habeas corpus"). And even if the Court had the ability to
17 review questions of state law – which it does not – Petitioner appears to be unable
18 to show that the superior court erred in finding that he failed to make a prima facie
19 case for relief under former section 1170.95 for the reasons explained above. See
20 Cal. Penal Code § 189(e).

21 Moreover, even if Petitioner had cloaked his claims in his constitutional
22 right to due process or any other constitutional right – which he has not – that
23 alone would be insufficient to render his otherwise state-law claims cognizable
24 federal ones. A federal habeas petitioner may not transform a state-law issue into a
25 federal one merely by making a general appeal to a constitutional guarantee. See
26 Gray v. Netherland, 518 U.S. 152, 163 (1996); Cacoperdo v. Demosthenes, 37
27 F.3d 504, 507 (9th Cir. 1994); Miller v. Stagner, 757 F.2d 988, 993-94 (9th Cir.
28 1985); Walker v. Cal. Sup. Ct., No. CV 22-4638-CAS (E), 2022 WL 11337927, at

*2 (C.D. Cal. Sept. 13, 2022) (petitioner's allegation that state court violated due process in denying section 1170.95 resentencing petition was not sufficient to transform his state-law claim into cognizable federal one), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022).[7]

### C. Exhaustion.

#### 1. Applicable Law.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). To satisfy the fair-presentation requirement, the petitioner's state-court filings must describe "the operative facts and the federal legal theory on which his claim is based." Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

---

[7] The Ninth Circuit has suggested in dictum that a petitioner challenging the denial of a resentencing petition brought under a different state statute might have a protected liberty interest in the state court's alleged failure to hold a hearing on his claim when it presents an issue has not yet been clearly decided. See Clayton v. Biter, 868 F.3d 840, 846 n.2 (9th Cir. 2017). Of course, the Ninth Circuit has not held as much, nor did its dictum in Clayton even address the statute under which Petitioner seeks relief. What's more, Petitioner has not alleged that he had a protected liberty interest in the superior court conducting an evidentiary hearing. Putting that aside, it was clear that Petitioner was not entitled to relief because the jury did not convict him under a theory of imputed malice but rather found that he acted with premeditation and deliberation concerning the attempted murder. Thus, even if Clayton's dictum were applicable and controlling, it would not render his claim cognizable.

**2. Analysis.**

The Petition appears to be unexhausted. Petitioner challenged the denial of his resentencing petition in the California Court of Appeal. See Galaz, 2024 WL 1596353, at *1-3. But he evidently has not done so in the California Supreme Court. To be sure, he claims to have attempted to have filed a petition for review in the California Supreme Court (see Dkt. 1 at 2, 18), but nothing on the California Courts' website reflects any such attempt. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Galaz" in Cal. Sup. Ct., yielding no relevant results) (last visited Sept. 10, 2024). Although he claims that the California Supreme Court's court clerk refused to file his petition for review because it was untimely (see Dkt. 1 at 18), he provides no letter or other document from the California Supreme Court's court clerk to substantiate that claim. The same is true concerning his claim that court clerk refused to file his subsequent petition requesting that the California Supreme Court excuse his failure to timely seek review. In any event, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." Roettgen v. Copeland, 33 F.3d 36, 39 (9th Cir. 1994); see Regennitter v. CSP-CORCORAN, No. 1:15-cv-00160-LJO (JLT), 2015 WL 2081814, at *3 (E.D. Cal. May 4, 2015) ("[T]he mere act of sending a procedurally defective set of claims to the California Supreme Court [in an untimely petition for review] does not, for exhaustion purposes, constitute 'fairly presenting' those claims to the state court."; collecting cases); Davis v. Adams, No. CV10-695-AHM (E), 2010 WL 1408290, at *2 (C.D. Cal. Mar. 3, 2010) ("Because the California Supreme Court rejected Petitioner's Petition for Review for filing as untimely, the present Petition is unexhausted."), accepted by 2010 WL 1408292 (C.D. Cal. Mar. 30, 2010).

Moreover, even if seeking review in the California Supreme Court was not a viable option because he failed to do so in a timely manner, Petitioner nevertheless

11

could have asserted the Petition's claims in a habeas petition in the California Supreme Court. But he did not do so. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "Galaz" in Cal. Sup. Ct., yielding no relevant results) (last visited Sept. 10, 2024). To be sure, the California Supreme Court might find on habeas review that Petitioner's failure to raise the Petition's claims on direct review precludes him from doing so in a habeas petition. See Ex parte Dixon, 41 Cal. 2d 756, 759 (1953) (explaining that a habeas petition is procedurally barred when "the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction"); see also Johnson v. Lee, 578 U.S. 605, 609 (2016) (per curiam) (Dixon rule "qualifies as adequate to bar federal habeas review"). But even when there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of a petitioner's state habeas claims. See Park v. California, 202 F.3d 1146 (9th Cir. 2000). Thus, the possibility that the California Supreme Court might impose the Dixon rule to deny a habeas petition asserting the Petition's claims would not relieve Petitioner from attempting to assert them in the California Supreme Court.

Finally, it appears that Petitioner could not have exhausted the Petition's claims unless he had filed a habeas petition in the California Supreme Court. He evidently did not assert any of the Petition's claims in his direct appeal to the California Court of Appeal. Indeed, the California Court of Appeal identified only one claim that Petitioner raised – namely, that "the trial court erred in finding he was ineligible for relief because the jury convicted him under 'a theory of imputed malice.'" Galaz, 2024 WL 1596353, at *2. Its decision does not allude to the superior court's purported errors in relying on a faulty jury instruction or on the jury's finding concerning Petitioner's intent to kill, and it does not mention Petitioner's claim that the superior court erred in failing to issue an order to show cause or conduct an evidentiary hearing. As such, Petitioner could not have

exhausted those claims by asserting them in a petition for review in the California Supreme Court. See Casey v. Moore, 386 F.3d 896, 917 (9th Cir. 2004) (petitioner "did not fairly present his federal law claims when he raised them for the first and only time upon petitioning for discretionary review" in state's highest court). As such, it appears that he would have had to have filed a habeas petition in the California Supreme Court to exhaust them.[8] As such, it appears that he has not exhausted the Petition's claims.

## IV.
## CONCLUSION.

IT IS HEREBY ORDERED that, on or before October 10, 2024, Petitioner is ordered to show cause why the Petition should not be dismissed with prejudice for failing to state a cognizable claim or without prejudice for failure to exhaust. In his response to this OSC, he should do one of the following:

(1) Request that the Petition be dismissed without prejudice, with the understanding that any later petition might be time barred under § 2244(d)(1); or

(2) File a written response to this OSC explaining (a) how each of the Petition's claims is cognizable on federal habeas review and (b) when and how he exhausted the Petition's claims. If he contends that the Petition's claims are cognizable but unexhausted, he may file a formal stay-and-abey motion under Rhines v. Weber, 544 U.S. 269 (2005), if he believes he can make the required

---

[8] If Petitioner contends that he asserted some or all of the Petition's claims in the "three-page" supplemental brief he filed in the California Court of Appeal, Galaz, 2024 WL 1596353, at *2, he must allege that in his response to this order to show cause and attach a copy of the supplemental brief to his response.

13

showings.[9]

Failure to timely respond to this OSC may result in the dismissal of this case for failure to prosecute and/or failure to comply with the Court's order. Petitioner may wish to call the pro se clinic to schedule an appointment for free legal assistance. The pro se clinic at the federal courthouse in Riverside, California, may be reached at 951-682-7968.

DATED: September 11, 2024

                        /s/ Karen E. Scott
KAREN E. SCOTT
United States Magistrate Judge

---

[9] Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) he must show good cause for his failure to earlier exhaust the claim in state court, (2) the unexhausted claim must not be "plainly meritless," and (3) he must not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78. Although Petitioner needs the Court's permission for a stay, nothing prevents him from returning to state court to immediately attempt to exhaust his unexhausted claim.